DEMURRER RULED GOOD.

## GENERAL COURT, MAY TERM, 1805.

### LOWE, *et ux. vs.* MACCUBBIN, *et al.*

There is no distinction, under the act of 1786, *ch* 45, to direct descents, between brothers and sisters, (children of the same father), of the whole and half blood, where the estate descended from the father.

THIS was a case sent from the court of chancery for the opinion of this court, viz.

In Chancery, June 15, 1805. It is admitted by the parties that *Joseph Maccubbin* died intestate some time in the year 1800, seised of sundry tracts of lands situate in Anne-Arundel county. It is also admitted, that he left the following children to wit: The wife

of *Lloyd M. Lowe* (complainant,) by one wife, and *Nicholas* and *Charlotte Maccubbin*, (the defendants,) by a second wife, and at the time of the death of the said *Joseph Maccubbin*, his second wife was with child, since born and now alive, named *Nicholas*, the said first named *Nicholas* having died previous to his birth, a minor, and without issue.

At the instance of the complainants, the chancellor takes the liberty of requesting the honourable the judges of the general court to give their opinion, whether or not the complainant's wife, together with the said *Charlotte* and *Nicholas Maccubbin*, (the 2d,) are equally entitled to the portion of the land which descended to the said *Nicholas*, (the first,) from his father; or whether or not the same devolved on the said *Nicholas & Charlotte* of the whole blood, to the exclusion of the complainant's wife, a sister of the half blood?            A. C. HANSON, Chancellor.

THE GENERAL COURT sent the following certificate to the court of chancery:

To the honourable the Chancellor of Maryland,

We, the underwritten, judges of the general court, do certify, that in our opinion the complainant's wife, together with *Charlotte* and *Nicholas Maccubbin*, (the second,) are equally entitled to the portion of the land which descended to the said *Nicholas*, (the first,) from his father.

J. T. CHASE.
R. SPRIGG.